IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) RENE GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>(1) LIBERTY MUTUAL INSURANCE, and<br>(2) J&J FLOOR CARE, INC. d/b/a<br>RAINBOW INTERNATIONAL OF<br>MOORE/NORMAN,<br><br>    Defendants. | Case No. CIV-14-656-HE |

**NOTICE OF REMOVAL**

Defendant Liberty Mutual Insurance Corporation (incorrectly named in the style as Liberty Mutual Insurance)("Liberty Mutual"), pursuant to 28 U.S.C. § 1332, 1441 and 1446 and Fed. R. Civ. P. 81(c) removes this action which was has been pending as Case No. CJ-2013-1237W in the District Court of Cleveland County, Oklahoma("Cleveland County Action"), to the United States District Court for the Western District of Oklahoma. A copy of the docket sheet and copies of all documents filed or served in the Cleveland County Action are attached to this Notice as Exhibit 1 through 6.

1. <u>Pleadings and Service</u>. The Cleveland County Action was filed on September 30, 2010, naming as defendants Liberty Mutual, and J&J Floor Care, Inc. d/b/a Rainbow International of Moore/Norman ("Rainbow"). Defendant Liberty Mutual was served through the Office of the Oklahoma Insurance Commissioner on October 22, 2013. Rainbow has

-1-

never been served. (See Affidavit of Joseph Chambers, Owner/President of J&J Floor Care Inc., d/b/a Rainbow International of Moore/Norman, attached as Exh. 7). Liberty Mutual filed its answer in the Cleveland County Action on December 2, 2013. Liberty Mutual's answer noted that the case was not removable at that time. However, in its Answer, Liberty Mutual reserved the right to remove the action in the event it became removable. (See Exh.4 at page 7, Twelfth Affirmative Defense). On June 17, 2014 Liberty Mutual ascertained that (1) Rainbow has never been served and (2) Rainbow was fraudulently or improperly joined. Therefore, this case is now removable.

2. <u>Basis for Jurisdiction in this Court</u>**.** The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. §1332(a). Removal is proper pursuant to 28 U.S.C. §1441, et seq.

3. <u>Citizenship of Parties</u>.

    a. Plaintiff is an Oklahoma resident and citizen.

    b. Defendant Liberty Mutual Insurance Corporation is licensed to do business in the State of Oklahoma, incorporated in the State of Illinois and its principal place of business is in Boston, Massachusetts; therefore Liberty Mutual Insurance Corporation is deemed to be an Illinois citizen for purposes of diversity.

    c. Defendant J&J Floor Care, Inc. d/b/a Rainbow International of Moore/Norman is incorporated under the laws of the State of Oklahoma, having its principal

place of business in Garvin County, Oklahoma, and therefore is a citizen of Oklahoma. However, the citizenship of Rainbow is not material because it is "deemed dismissed" and/or it is fraudulently or improperly joined because plaintiff has no claims against Rainbow for which relief can be granted.

d. The Cleveland County District Court docket notes that on September 30, 2013, the date the Cleveland County Action was filed, two summons were issued. (See Exh. 1).

e. Oklahoma's pleading code at 12 O.S. § 2004.2(B) states, "Notice of the pendency of an action shall have no effect unless service of process is made upon the defendant or service by publication is commenced within one hundred twenty (120) days after the filing of the petition."

f. Under title 12 O.S. 2004(I), a defendant who has not been served within 180 days of the filing of an action is "deemed dismissed" without prejudice unless the plaintiff shows good cause for failing to serve the defendant within the allowed time. Title 12 O.S. 2004(I), states:

SUMMONS: TIME LIMIT FOR SERVICE. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action **shall be deemed dismissed** as to that defendant without prejudice.

g. The Cleveland County Action docket documents no entry of appearance, answer or other responsive pleading having been filed on behalf of Rainbow

and no returns of service have been filed to give notice as to when or whether either defendant was served. (See Exh. 1, docket sheet).

h. On June 17, 2014, Liberty Mutual ascertained that plaintiff did not serve Rainbow with a summons or petition in this action when it received the Affidavit of Joseph Chambers, Owner/President of Rainbow. (See Exh. 7).

i. The 180 day statutory period for plaintiff to serve Rainbow in this matter expired on March 30, 2014. Therefore, Rainbow is not a party in this action because, pursuant to 12 O.S. 2004(I), Rainbow is "deemed dismissed." As a non-party, its citizenship does not defeat removal.

j. Plaintiff's Petition alleges causes of action for breach of contract, fraud and deceit against Rainbow. (See Exh. 2, pages 8-10).

k. Rene Garcia in fact has no cause of action against Rainbow for breach of contract because Rene Garcia never had a contract with Rainbow. (See Affidavit, Exh. 7).

l. Rene Garcia, in fact, has no cause of action for fraud or deceit because no employee or agent of Rainbow has made representations of any kind to Rene Garcia. (See Affidavit, Exh. 7).

m. Today, June 23, 2014, counsel for Liberty Mutual received by mail a Motion to Enter in which Plaintiff asks that the Cleveland County District Court enter this matter on the jury docket. (Exh. 6). Only counsel for Liberty Mutual is

        shown on the Certificate of Service. This Motion to Enter, which does not yet appear on the Court's Docket (Exh. 1), further demonstrates that plaintiff has no claim against Rainbow.

    n.    "[T]he joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." Roe v. Gen.Am.Life Ins. Co., 712 F.2d 450, 452 (10th Cir. 1983), citing Dodd v. Fawcett Publications, Inc., 329 F.2d 82 (10th Cir. 1964).

4.    <u>Amount in Controversy</u>. The petition alleges plaintiff suffered damages "in excess of $75,000.00." Thus, the amount in controversy exceeds the amount which is required for diversity jurisdiction.

5.    <u>Notice Given</u>. Liberty Mutual has filed a true and correct copy of this Notice of Removal with the Clerk of the District Court of Cleveland County, Oklahoma.

6.    <u>Removal is Timely</u>. This Notice of Removal is filed within one year of the filing of the action, and within 30 days from the date this defendant received the Affidavit of Joseph Chambers; the paper from which it could first be ascertained by Liberty Mutual that the case has become removable. Accordingly, this Notice of Removal is timely filed within the time allowed by 28 U.S.C.A. § 1446(b)(3).

7.    Pursuant to 28 U.S.C. § 1446(a), defendant acknowledges that this Notice of Removal is signed and filed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

        WHEREFORE, Defendant, Liberty Mutual Insurance Corporation, requests this

Notice of Removal be accepted by this Court and that the lawsuit proceed as an action properly removed to this Court's jurisdiction.

                Respectfully submitted,

                WILSON, CAIN & ACQUAVIVA
                300 Northwest 13th Street, Suite 100
                Oklahoma City, Oklahoma 73103
                405/236-2600; FAX 405/236-2607
                */s/ Barbara K. Buratti*
                Tim D. Cain, OBA #11779
                Barbara K. Buratti, OBA #12231
                TimC@wcalaw.com
                BarbaraB@wcalaw.com
                ***Attorneys for Defendant***
                ***Liberty Mutual Insurance Corporation***

## CERTIFICATE OF SERVICE

     X   I hereby certify that on June 23, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jeff D. Marr
Carole Dulisse
Marr Law Firm
4301 Southwest Third Street
Suite 110
Oklahoma City, OK 73108
***Attorneys for Plaintiff***

                */s/ Barbara K. Buratti*
                Barbara K. Buratti