‖‖‖‖‖‖‖ *1022741140*

STATE OF ~~OKLAHOMA~~ }S.S.
CLEVELAND COUNTY }

**FILED**

SEP. 30 2013

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

In The Office of the
Court Clerk RHONDA HALL

| | |
|---|---|
| RENE GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CJ-2013-1237 W |
| | ) |
| LIBERTY MUTUAL INSURANCE, and | ) |
| J & J FLOOR CARE, INC. d/b/a | ) |
| RAINBOW INTERNATIONAL OF | ) |
| MOORE/NORMAN, | ) |
| | ) |
| Defendants. | ) |

## PETITION

**COME NOW** the Plaintiff, Rene Garcia, and (hereinafter "Plaintiff"), for his claims

against Defendants, Liberty Mutual Insurance (hereinafter "Liberty Mutual"), and J&J Floor

Care, Inc. d/b/a Rainbow International of Moore/Norman (hereinafter "Rainbow"), state as

follows:

1.      Plaintiff is a resident of Moore, located in Cleveland County, Oklahoma.

2.      Defendant Liberty Mutual is a corporation incorporated under the laws of the

State of Oklahoma.

3.      Defendant RAINBOW is a cleaning and restoration company incorporated under

the laws of the State of Oklahoma, having its principal place of business in Garvin County,

Oklahoma.

4.      Plaintiff entered into a contract of insurance with Defendant Liberty Mutual to

provide coverage for his residence, household contents, and personal property.  Plaintiff's

insured property is located in Cleveland County, Oklahoma.

1

EXHIBIT

tabbies

2

5.     Thereafter, Defendant Liberty Mutual issued the Homeowners Policy of insurance (Policy No. H35-291-061146-40) to the Plaintiff.

6.     Liberty Mutual represented to the Plaintiff, directly and through its agents that it would conduct itself in accordance with Oklahoma law and would fully and fairly investigate and pay claims. Plaintiff relied on said representations.

7.     On or about the 20th day of May, 2013, Plaintiff's property, which was insured by the subject homeowners policy of insurance, was heavily damaged as the direct result of a catastrophic tornado.

8.     Consequently, Plaintiff properly and timely submitted a claim to Defendant Liberty Mutual for the property damage resulting from the May 20, 2013, tornado.

9.     Defendant Liberty Mutual confirmed Plaintiff's property had in fact sustained direct physical damage as a result of catastrophic tornado which occurred on or about the 20th day of May, 2013, and that said loss was covered under the terms and conditions of Plaintiff's homeowners policy with Liberty Mutual.

10.     Defendant Liberty Mutual chose to contact, refer and direct Defendant Rainbow to clean and restore Plaintiff's personal property rather than replacing Plaintiff's property.

11.     Defendant Rainbow required Plaintiff to execute a contract with Rainbow and authorize Rainbow to collect payment for its services directly from Defendant Liberty Mutual.

12.     Subsequently, Defendant Liberty Mutual paid portions of Plaintiff's claim based on its purported investigation and estimate.

2

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

13.    Plaintiff entered into a contract of insurance with Defendant Liberty Mutual to provide coverage for his dwelling and personal property.   The Homeowners Policy with Defendant Liberty Mutual was in full force and effect at all material times hereto.

14.    Plaintiff provided proper and timely notice to Defendant Liberty Mutual of his claims arising from the catastrophic tornado of May 20, 2013.

15.    Plaintiff has in all material ways, complied with the terms and conditions of the policy.

16.    Defendant Liberty Mutual, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits to which he is entitled under the terms and conditions of the policy.

17.    As a result of Defendant Liberty Mutual's breach of contract and other wrongful conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
## BAD FAITH

Plaintiff adopts and re-pleads paragraphs 1 through 17 above, and for his claim against Defendant Liberty Mutual further alleges as follows:

18.    Defendant Liberty Mutual owed a duty to Plaintiff to deal fairly and in good faith.

19.    Defendant Liberty Mutual breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

3

a.      failing to pay the full and fair amount for the property damage sustained by Plaintiff from the May 20, 2013, tornado in accordance with the terms and conditions of his insurance policy;

b.      failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of his homeowners policy of insurance, thereby unfairly and without valid basis, reducing the fair amount of Plaintiff's claim;

c.      purposefully, wrongfully and repeatedly withholding pertinent benefits, coverages and other provisions due Plaintiff under the terms and conditions of his insurance policy in violation of the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16;

d.      purposefully, wrongfully and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim;

e.      forcing Plaintiff to retain counsel to recover insurance benefits to which he was entitled under the terms and conditions of the insurance contract;

f.      failing to conduct a fair and objective investigation of the damage to Plaintiff's home; and

g.      intentionally engaging in outcome-oriented investigation.

20.      Defendant Liberty Mutual's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code.  Liberty Mutual's failure to implement and/or follow Oklahoma's statutory Insurance Code constitutes bad faith.

21.      The conduct of Defendant Liberty Mutual, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

4

22.     As a direct result of Defendant Liberty Mutual's bad faith, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongly underpaid.  Said actions resulted in additional profits and financial windfall for Defendant Liberty Mutual.

23.     As a result of Defendant Liberty Mutual's conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

24.     Defendant Liberty Mutual's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

25.     Plaintiff further alleges Defendant Liberty Mutual enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiff.

## THIRD CAUSE OF ACTION
### NEGLIGENCE

Plaintiff adopts and re-pleads paragraphs 1 through 25 above, and for his additional claims against Defendant Liberty Mutual does hereby and further allege as follows:

26.     At the time the policy was sold, Defendant was obligated and has a duty to utilize reasonable valuation methodology to determine the costs which Defendant considered necessary to cover the replacement cost of Plaintiff's dwelling.  Defendant was then prohibited from writing more insurance than it considered necessary to cover the replacement cost of Plaintiff's dwelling as determined at the time the subject policy was written.

27.     Thereafter, Defendant owed a duty to Plaintiff to exercise good faith, reasonable

5

care, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage once the insured-insurer relationship was established.

28.    Defendant breached its' duties to Plaintiff to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiff's dwelling.

29.    Defendant's breach resulted in both inconsistent and inaccurate replacement cost valuations resulting in Plaintiff having policy limits which did not accurately reflect the risks insured.

30.    The conduct and inconsistencies referenced herein violates Defendant's duties of good faith dealing implicit in the contract of insurance with Plaintiff and other Oklahoma policyholders.

31.    Defendant's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code.  Defendant's failure to implement and/or follow Oklahoma's statutory Insurance Code also constitutes bad faith. Defendant's conduct referenced herein constitutes a breach of this duty of good faith which is inherent in all contracts within the State of Oklahoma.

32.    Defendant's negligent failure to utilize a consistent methodology to accurately establish and reflect the risks insured, morally and legally requires it be held to a duty of reasonable care, and that the burden of the resulting liability for the breach of this duty be imposed upon it.  This duty exists due to the foreseeability of the harm to Plaintiff which could occur as a result of this negligence in failing to establish a consistent methodology for calculating the replacement cost of Plaintiff's dwelling; this negligence of inconsistent and

6

inaccurate replacement cost valuations is the direct cause of the harm and injury suffered by Plaintiffs; and the moral blame for the negligent failure issue the correct policy lies with the Defendant. Further, the burden on the Defendant of imposing a duty to exercise care in establishing a consistent and accurate methodology for replacement cost valuations for the needs of the insured (with resulting liability for breach) is minimal, given the purported expertise of the Defendant, and its' representations that it is an expert in the field of providing insurance coverage to the general public, such as Plaintiff.

33.     Plaintiff relied on the Defendant to conduct an appropriate underwriting analysis to ensure and maintain an insurance policy which provided appropriate and adequate coverage.

34.     The Defendant negligently breached its duty owed to Plaintiff by failing to utilize and implement a consistent and accurate methodology for replacement cost valuations which resulted in issuing and/or renewing a policy of insurance to/for Plaintiff that was not commensurate with the risks for which the policy issued and renewed.

35.     As a result of the Defendant's conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

36.     The conduct of Defendant was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiff, and/or was grossly negligent, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

7

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT - RAINBOW

Plaintiff adopts and re-pleads paragraphs 1 through 36 above, and for his additional claims against Defendant Rainbow does hereby and further allege as follows:

37.    On or about June 2, 2013, Plaintiff entered into a contract with Defendant Rainbow to provide cleaning and restoration services relating to damages suffered to his property from the May 20, 2013, tornado.

38.    Defendant Rainbow was selected and referred by Defendant Liberty Mutual to assist in Plaintiff's personal property claims arising from the May 20, 2013, tornado.

39.    Defendant Rainbow owed a duty to Plaintiff to exercise good faith, reasonable care, skill and expertise in the restoration services which it provided Plaintiff pursuant to their respective contract.

40.    Plaintiff has in all material ways, complied with the terms and conditions of the policy.

41.    Defendant Rainbow, however, has breached its contractual obligations with Plaintiff by failing to exercise good faith, reasonable care, skill and expertise in the restoration services which it provided Plaintiff relating to the May 20, 2013, catastrophe.

42.    As a result of the breach of contract and other wrongful conduct of Defendant Rainbow, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

8

## FIFTH CAUSE OF ACTION
## FRAUD & DECEIT

Plaintiff adopts and re-pleads paragraphs 1 through 42 above, and for his claim against Defendants Liberty Mutual and Rainbow further allege as follows:

43.     Defendant Liberty Mutual chose to contact, refer and direct Defendant Rainbow to assist in Plaintiff's personal property claim.

44.     Defendants Liberty Mutual and Rainbow, represented to Plaintiff each were necessary to the claims process, and would conduct a fair, reasonable and objective inspection of his personal property.

45.     Defendants' representations were material to Plaintiff's decision to enter into a contractual relationship with Defendant Rainbow.

46.     Defendants made the foregoing representations to Plaintiff knowing the same were false. Defendants knew from their prior business relationships that the performance of Rainbow was measured by the amount of money Rainbow saved Defendant Liberty Mutual. Contrary to the representations made to Plaintiff to induce him to retain its services, all Defendants knew the true purpose of Defendant Rainbow being involved was to ensure Plaintiff's items were "cleaned" instead of "replaced" despite Plaintiff having purchased the more expensive Replacement Cost policy. Defendants knew their investigations would be neither fair, reasonable, nor objective but would instead be outcome-oriented designed to reduce the amount which Defendant Liberty Mutual paid out to Plaintiff for his claims.

47.     Defendants represented to Plaintiff that Rainbow were necessary to the claims process, and would conduct a fair, reasonable and objective inspection of his personal property

9

with the intention that it should be acted upon by Plaintiff.

48.     Plaintiff acted in reliance upon Defendants' representations and believing Defendant Rainbow were necessary to the claims process and that would in fact conduct a fair, reasonable and objective investigation of his personal property damaged and destroyed by the May 20, 2013, catastrophic tornado, retained their services.

49.     Plaintiff suffered injury as a direct result of the material representations made by Defendants herein.  Instead of being replaced as provided for in the insurance contract, Defendants' focus and measure of success was the amount of monies saved by cleaning Plaintiff's personal property instead.  Plaintiff was the victim of outcome-oriented "inspections" designed not to place Plaintiff back to his pre-loss position but instead pay him less than what he was entitled to.

50.     As a direct result of Defendants' fraudulent schemes and deceit, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongly underpaid.  Said actions resulted in additional profits and financial windfall for Defendants.

51.     As a result of Defendants' conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

52.     Defendants' conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

53.     Plaintiff further alleges Defendants enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in

the injury to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** premises considered, Plaintiff prays for judgment in his favor and against Defendants, Liberty Mutual Insurance and J&J Floor Care, Inc. d/b/a Rainbow International of Moore / Norman, for:

a)     Payment for all contractual benefits for all coverages afforded to Plaintiff under the subject homeowners policy of insurance for damage to his property caused by the May 20, 2013, tornado, with interest on all amounts due;

b)     Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c)     Disgorgement of the increased financial benefits derived by any and/or all of the Defendants as a direct result of the Defendants' wrongful conduct;

d)     Actual and punitive damages each in an amount in excess of $75,000.00; and,

h)     Prejudgment interests, costs and attorneys' fees.

Respectfully submitted,

JEFF D. MARR, OBA No. 16080
CAROLE DULISSE, OBA No. 18047
MARR LAW FIRM
4301 Southwest Third Street
Suite 110
Oklahoma City, Oklahoma 73108
Telephone: (405) 236-8000
Facsimile: (405) 236-8025
Email: jeffdmarr@marrlawfirm.com
        cdulisse@marrlawfirm.com
*Attorneys for Plaintiff*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**

12